

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RUDY FRANCIS | DOCKET NO. 06-CV-267; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN LEROY HOLLIDAY and LA-SHA ESTAY | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Rudy Francis, filed *in forma pauperis* on February 21, 2006. Francis was housed at the Tangipahoa Parish Prison ("TPP") at the time the complaint was filed, but the acts complained of allegedly took place at LaSalle Correctional Center. Since filing suit, Francis was transferred from TPP back to LaSalle Correctional Center, and then he was transferred to a correctional center in Grayson, Louisiana. Francis most recently notified the Court that he has been released. Francis claims that he was denied proper medical treatment at LaSalle Correctional Center ("LCC"), and he names LCC Warden Leroy Holliday and LCC Nurse La-Sha Estay as defendants.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff has alleged:

1. On June 15, 2006, two LCC officers escorted Plaintiff to the nurse's office for treatment of an abscessed tooth.

2. Plaintiff was examined by Defendant La-Sha Estay, an LCC nurse, who determined that she could not treat Plaintiff's dental condition. However, Estay informed Plaintiff that she would prescribe penicillin and ibuprofen for pain and swelling.

3. After not receiving the medication for several days, Plaintiff notified prison officials. After making numerous complaints, the warden finally conducted an investigation.

4. The investigation revealed that Estay had forged Plaintiff's signature twice and ordered twenty-eight and one hundred twenty doses of methadone for her own use.

5. Estay was arrested and criminally charged.

6. Plaintiff finally received his medication after Estay was arrested, which was approximately twenty days after the medicine had been prescribed. During those twenty days without medication, Plaintiff suffered with tooth pain, swelling of the gums, and a headache.

Plaintiff was ordered to amend his complaint and submit evidence of exhaustion. In response, Plaintiff stated that prison officials refused to provide him with grievance forms. Even presuming that Plaintiff's failure to exhaust was excusable, his

complaint should be dismissed for the following reasons.

## LAW AND ANALYSIS

### 1. Frivolity Review

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obligated to evaluate the complaint and dismiss it without service of process, if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1).

A hearing need not be conducted for every *pro se* complaint. See Wilson v. Barrientos, 926 F.2d 480, 483, n. 4 (5th Cir. 1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. See Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986).

District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. See Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Hernandez, 504 U.S. 25 (1992).

3

such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." Jolly v. Klein, 923 F.Supp. 931, 942-43 (S.D.Tex. 1996).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias at 97.

Plaintiff has submitted a well-pleaded complaint which specifically details his theories of liability with respect to each named defendant.

Accepting all of the plaintiff's allegations as true, the Court concludes that he has failed to state a claim for which relief may be granted and, accordingly, recommends dismissal of the complaint.

2. Medical Care

Plaintiff's allegations do not support a claim that he was denied proper medical care. In fact, the plaintiff does not assert that he was denied care or that the care he received was improper.

Rather, Plaintiff claims that there was a delay in his receiving the medication. To state a claim under § 1983, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976).

The Eighth Amendment, made applicable to the states by the Due Process Clause of the Fourteenth Amendment, proscribes cruel and unusual punishment. The original aim of the Eighth Amendment was to proscribe inhuman techniques of punishment. See Estelle v. Gamble, 429 U.S. 97 (1976); Wilkerson v. Utah, 99 U.S. 130, 136 (1878). The Court has extended it to encompass "broad and idealistic concepts of dignity, civilized standards, humanity, and decency." See Estelle, 429 U.S. at 102 (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)).

In Estelle v. Gamble, the Court held that prison officials inflict cruel and unusual punishment if they are deliberately indifferent to an inmate's serious medical needs. "Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Not all inadequate medical treatment rises to the level of an Eighth Amendment violation; "it is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." See id. at 106. A plaintiff must prove "objectively that he was exposed to a substantial risk of serious harm," and

that "jail officials acted or failed to act with deliberate indifference to that risk," which requires actual knowledge and deliberate disregard. Victoria W. v. Larpenter, 369 F.3d 475, 483 (5th Cir. 2004), *quoting* Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002).

Here, the plaintiff simply seeks recovery for the pain he experienced during a period of twenty days when he did not receive ibuprofen. He has not established objectively that he was exposed to a substantial risk of **serious harm**. Further, it has been held that a brief delay in the receipt of pain medication, without more, is not actionable under 28 U.S.C. §1983. See Estes v. Bowers, 2002 U.S. Dist. LEXIS 6784, 2002 WL 628755 at *2 (N.D. Tex. Apr. 17, 2002) (Kaplan, M.J.), aff'd, 73 Fed. Appx. 747 (5th Cir. 2003); Williams v. Dallas County, 2003 U.S. Dist. LEXIS 11956, 2003 U.S. Dist. LEXIS 26198 (N.D. Tex. Sept. 9, 2003).

3. Supervisor Liability and Failure to Investigate

Plaintiff's claim against Warden Holliday is likewise without merit. To the extent that he seeks to impose liability on him based upon his supervisory positions, Plaintiff has failed to state a claim for which relief may be granted. The acts of subordinates trigger no individual liability for supervisory officers under § 1983. See Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 314 (5th Cir.1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the

deprivation of the prisoner's constitutional rights, or in those instances where there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. See Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir.1987); Douthit v. Jones, 641 F.2d 345, 346 (5th Cir.1981) (per curiam).

Plaintiff has alleged no fact demonstrating personal involvement by Holliday, nor any fact showing a causal connection between any of Holliday's acts or omissions and the alleged constitutional violation. In fact, Plaintiff claims that the matter was resolved because of the investigation conducted by Holliday.

For the foregoing reasons, Plaintiff's claims lack an arguable basis in fact and law and are frivolous. See Neitzke v. Williams, 490 U.S. 319 (1989).

Therefore, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of September, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE